IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

MICHAEL A. FADALLA AND DANA S. FADALLA,
Individually, and on behalf of their minor children,
OLIVIA, EMILY AND LAUREN FADALLA,

    PLAINTIFFS,

Case Number: 3:07-mc-42-J-32McR

v.

LIFE AUTOMOTIVE PRODUCTS, INC.,
MARTY COLEMAN, LARRY COLEMAN,
MELISSA JACKSON, COLEMAN-TAYLOR TRANSMISSIONS
COMPANY, INC., HUMANA INSURANCE COMPANY, PPO,
and SHEILA HICKS, PLAN ADMINISTRATOR,

    DEFENDANTS.

## AFFIDAVIT OF JANIS OLIVER

Before me, the undersigned authority, this day personally appeared Janis Oliver, who being first duly sworn by me, deposes and says:

My name is Janis Oliver. I am over eighteen (18) years of age and have personal knowledge of the following information.

1. I am the Secretary and Treasurer of Oliver & Company, Inc. (hereinafter "Oliver & Company") located at 2433 Harper Street, Jacksonville, Florida 32204.

2. As the Secretary and Treasurer, I am aware and involved in the day-to-day management of the company.

3. Oliver & Company is a distributor of automotive chemicals, additives, equipment, machines, and other various automotive fluids for manufacturers, including Life Automotive Products, Inc.

4. Life Automotive Products, Inc. is a manufacturer of Smart Blend products, which Oliver & Company distributes. Oliver & Company also distributes similar products for different manufacturers, which are competitors of Life Automotive Products, Inc.

5. Oliver & Company has non-disclosure agreements with its customers and suppliers that prohibits the release of certain information and documents. In some cases, Oliver & Company is even prohibited from revealing the name of some of its customers and suppliers.

6. Requiring Oliver & Company to comply with the Subpoena would essentially require Oliver & Company to violate the non-disclosure agreements and would generally be detrimental to Oliver & Company's business relationships.

7. The subpoena requests seek confidential business information to Oliver & Company, Inc., its customers, and suppliers, such as information regarding prices, sales, and marketing strategies.

8. Oliver & Company's customer information is confidential and would be harmful if disclosed, and especially disclosed to a competitor, who could gain valuable pricing information from the disclosure.

9. In addition, responding to the request would be an undue burden.

10. On average, I receive and send approximately sixty-five (65) emails per day to and from various customers and suppliers.

11. From June 2005 through the present, I have received and sent approximately 54,000 emails.

12. Requiring me to sort though more than 54,000 emails in order to respond to Defendants' Subpoena would impose an undue burden. This task would take an unlimited number of hours.

(The remainder of this page is intentionally blank.)

FURTHER AFFIANT SAYETH NAUGHT.

_____Janis Oliver_____
JANIS OLIVER

STATE OF FLORIDA
COUNTY OF Duval

SWORN TO AND SUBSCRIBED before me for the purposes set forth therein by Janis Oliver, who first took an oath and who is either personally known to me or who produced the type of identification described below, this 14 day of September, 2007.

_____Dawn M. Adkins_____
(Signature of NOTARY PUBLIC, State of Florida)

DAWN M. ADKINS
Notary Public - State of Florida
My Commission Expires Jan 8, 2011
Commission # DD 627848
Bonded Through National Notary Assn.

Personally known _____ or
produced FL Drivers License as identification