UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MICHAEL A. FADALLA and DANA S.
FADALLA, etc.,

        Plaintiffs,

vs.                                               Case No. 3:07-mc-42-J-32MCR

LIFE AUTOMOTIVE PRODUCTS, INC., et al.,

        Defendants.
_____/

# **O R D E R**

**THIS CAUSE** is before the Court on the Motion for Reconsideration or, in the Alternative Clarification, of Order Directing Production of Documents filed by non-parties Oliver & Company, Inc. and Engine Fog, Inc. on December 11, 2007. (Doc. 18). Defendants filed their response to the Motion on December 21, 2007. (Doc. 19). Accordingly, this matter is now ripe for review.

I.    **BACKGROUND**[1]

As this Court previously set forth a detailed description of the relevant underlying background in this case in its Order dated November 28, 2007, it unnecessary to do so here. Therefore, the following brief account of facts and history should suffice to give

---

[1] This matter was filed as a miscellaneous case in the Jacksonville Division of the Middle District of Florida because the subpoenas at issue were issued under the authority of this Court. The underlying case is pending before the United States District Court, Western District of Tennessee. The parties have not filed the pleadings in this case and therefore, the Court derives the relevant underlying facts from the parties' memoranda and motions (Docs. 1, 3, 13, 14, 17 & 18) and the Western District of Tennessee Court's Memorandum Opinion Regarding Application for Preliminary Injunction (Doc. 1, pp. 10-18).

some perspective to this Order. Defendant, Life Automotive Products, Inc. ("Life Auto") is a company that manufactures chemical additives used in the automobile "fast lube" industry. Plaintiff Michael Fadalla ("Fadalla") worked for Life Auto from June 1, 2005 through April 21, 2006, as a national account executive. Upon commencing employment with Life Auto, Fadalla signed an employment contract which included a termination clause that allowed either party to terminate the contract with ninety (90) days written notice. On March 26, 2006, Fadalla provided notice to Life Auto that he would be terminating his employment; however, rather than allowing Fadalla a full ninety days to complete his employment, Life Auto terminated him on April 21, 2006, but paid his salary, commissions, and health insurance through the end of May 2006.

Following his departure from Life Auto, Fadalla became associated with Oliver & Company, Inc. ("O&C"), a distributor of automotive chemical additives manufactured by several outside companies. Evidently, Fadalla's responsibilities include marketing and selling automotive chemicals and additives for WGC – one of O&C's brands. (Doc. 15-6, p. 4). Significantly, WGC and Life Auto market and sell competing products. Fadalla also has some type of business relationship with Engine Fog, Inc. ("Engine Fog") – a company that manufactures automotive chemical products and a competitor of Life Auto. Engine Fog has admitted to meeting with Fadalla and O&C to discuss the possibility of Engine Fog packaging a series of automotive products for O&C under O&C's WGC label.

On October 10, 2006, Fadalla filed suit against Life Auto and various other Defendants (collectively "Defendants") in the United States District Court for the

Western District of Tennessee, claiming, *inter alia,* that Defendants breached the employment contract by terminating Fadalla without cause before the expiration of the ninety (90) day notice period.  Life Auto filed a counterclaim against Fadalla for breach of the non-compete and non-solicitation clause of the employment contract, but has since dismissed its counterclaim (Doc. 18, pp. 6-7).

On August 27, 2007, Defendants served a subpoena duces tecum without deposition on both O&C and Engine Fog.  Both O&C and Engine Fog filed objections to the subpoena (Docs. 7 & 9) and thereafter, filed their respective Motions to Quash Subpoena (Docs. 1 & 3) with this Court.  On November 28, 2007, this Court entered an extensive order granting in part and denying in part O&C and Engine Fog's Motions to Quash.  (Doc. 17).  This Court specifically instructed both O&C and Engine Fog to produce a variety of documents, but permitted them to withhold others due to the confidential nature of some of the documents.  Notably, this Court entered its Order before Life Auto filed its Notice of Voluntary Dismissal Without Prejudice of Amended Counterclaim.

As a result of Life Auto's dismissal of its counterclaim, O&C and Engine Fog now request this Court to reconsider its Order dated November 28, 2007 and clarify which documents remain relevant to this matter and thus, are still required for production. (Doc. 18, pp. 2-3).  Defendants, however, argue that all of the documents previously required by this Court to be produced continue to be relevant to Defendants' defense of Fadalla's breach of contract claim because Defendants have placed at issue "a scheme between Fadalla, [O&C] and Engine fog to develop products to be marketed under the

WGC brand name in competition with Life Auto that was conceived and hatched while Fadalla was still employed by Life Auto." (Doc. 19, p. 4).

## II. **ANALYSIS**

As this Court stated in its previous order, it is the movants' burden to demonstrate that a subpoena ought to be quashed; however, it is Defendants' burden to demonstrate that their discovery requests are relevant to this matter. Here, the only claim remaining in this case is Fadalla's breach of contract claim against Defendants. Thus, it is necessary to determine whether Defendants' document requests are relevant to Fadalla's breach of contract claim or to Defendants' defense of such claim.

In defense of Fadalla's breach of contract claim, Defendants assert Fadalla breached his duty of loyalty to Life Auto. Tennessee courts have recognized a duty of loyalty exists in the employment relationship. E.g., Booth v. Fred's Inc., No. W2002-01414-COA-R3-CV, 2003 WL 21998410, *13 (Tenn. Ct. App. Aug. 19, 2003) ("Breaches of loyalty are most often intentional, destructive acts completed explicitly for the employee's own self-interests, in direct violation or competition with the interests of an employer."); Knott's Wholesale Foods, Inc. v. Azbell, No. 01A-01-9510-CH-00459,1996 WL 697943, *3 (Tenn. Ct. App. Dec. 6, 1996) ("During the employment relationship, an employee has a fiduciary duty of loyalty to the employer."). This duty prohibits an employee from competing with the employer during the employment relationship; however, before termination of the employment relationship, the employee is entitled to make arrangements to compete, except that he cannot use confidential information peculiar to his employer's business acquired therein. Knott's, 1996 WL

697943 at 4; see also PartyLite Gifts, Inc. v. Swiss Colony Occasions, 3:06-CV-170, 2006 WL 2370338, *7 (E.D. Tenn. Aug. 15, 2006) (quoting Knott's, 1996 WL 697943 at 4); International Sec. Mgmt. Group, Inc. v. Sawyer, No. 3:06CV456, 2006 WL 1638537, *10 (M.D. Tenn. June 6, 2006) (stating that an employee should not compete with his employer while still employed).

In deciding this Court's Order of November 28, 2007, the undersigned considered whether the documents requested in the subpoenas issued by Defendants were relevant to both Fadalla's and Life Auto's claims and their defenses. Because Life Auto has now dismissed its counterclaim, the Court finds merit in O&C's and Engine Fog's suggestion that it ought to reconsider and/or clarify its previous Order.

In responding to O&C's and Engine Fog's Motion to Quash, Defendants clarified and narrowed their requests for information to the following:

1. Identify the relationship between Fadalla, O&C and Engine Fog;

2. Identify the products being manufactured for marketing, sale, distribution and/or representation by Fadalla;

3. Identify the products being marketed, sold, distributed and/or represented by Fadalla;

4. Identify the person or entity that Fadalla is marketing, selling, distributing and/or representing products to; and

5. Identify the volume of products being marketed, sold, distributed and/or represented by Fadalla.

(Doc. 14, p. 11).

This Court held that the first four categories of documents Defendants seek are relevant to either Life Auto's claims or Defendants' defense to Fadalla's claims in the

underlying action; however, because it found many of the requested documents were trade secrets and confidential, it narrowed the type of information both O&C and Engine Fog were required to produce.  For example, the undersigned directed O&C only to produce all non-confidential documents which provide information on any of the first four categories addressed in the preceding paragraph.  (Doc. 17, p. 13).  Additionally, the undersigned held that in lieu of producing the information covered by O&C's non-disclosure agreements and secrecy agreements, O&C shall produce written answers which explicitly explain the following:

1. The relationship between Fadalla, O&C, and Engine Fog;

2. The role WGC plays in O&C's business; specifically, whether WGC is merely a trade name for a company that markets products, whether it is a brand of products, and/or whether WGC also manufactures products; and

3. The type of products Fadalla is selling, marketing, distributing, or representing, and the type of end-user to whom Fadalla is responsible for selling, marketing, distributing, and/or representing such products.

Id.  Similarly, the undersigned directed Engine Fog to produce the following information to Defendants:

1. A description of its relationship with Fadalla and O&C;

2. A description of the types of products Engine Fog has leased or supplied to Fadalla, WGC, Advance Automotive Chemistry, and/or O&C which Fadalla is responsible for marketing, selling, or representing;

3. Non-confidential communications between Engine Fog and Fadalla concerning Fadalla's relationship with Engine Fog, O&C, WGC and/or Advance Automotive Chemicals;

4. Non-confidential communications between Engine Fog and WGC, O&C, and/or Advance Automotive Chemical concerning Fadalla's relationship with any of these entities; and

    5.       All correspondence it had with Fadalla, or with O&C concerning Fadalla, during Fadalla's employment with Life Auto (June 1, 2005 through April 21, 2006).

(Doc. 17, p. 27).

In light of Life Auto's decision to voluntarily dismiss its counterclaim, this Court finds that the majority of these documents no longer remain relevant to Fadalla's breach of contract claim or Defendants' defense of such claim.  Rather, the only documents which are relevant to this matter – taking into consideration Defendants' defense that Fadalla breached its duty of loyalty – are communications which occurred between Fadalla and O&C and/or WGC, and between Fadalla & Engine Fog, during Fadalla's employment with Life Auto, i.e., from June 5, 2005 through April 25, 2006.  As such, O&C is required to produce all correspondence between Fadalla and O&C and/or WGC, including correspondence to or from any of their directors, officers, or employees, from June 5, 2005 through April 25, 2006.  Likewise, Engine Fog is also required to produce any correspondence it had, including its directors, officers, or employees, with Fadalla for this same time period.  In addition, because questions regarding Fadalla's relationship with O&C, WGC, and Engine Fog remain, the Court also directs both O&C[2] and Engine Fog to submit a written explanation of Fadalla's relationship with each entity.

After due consideration, it is

---

[2] In explaining its relationship with Fadalla, O&C should make sure to include a detailed description of its WGC brand and whether WGC is merely a brand, trade name, or specific entity, and the relationship between Fadalla and WGC.

**ORDERED**:

The Motion for Reconsideration or, in the Alternative Clarification, of Order Directing Production of Documents (Doc. 18) is **GRANTED in part, and denied in part** in accordance with this Order.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this __4th__ day of January, 2008.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party